ties sanction a discontinuance, after verdict, as to any defendant who, by reason of any rule of law, could not properly have been joined, and also as to any defendant against whom damages have been severally assessed; but it was claimed that the authorities do not go further.

The discontinuance in this case was correct, and the judgment below was confirmed with costs. For the ratification of any injustice which might accrue to a part of the defendants through any estimate placed by the jury upon the conduct of the defendants as to whom a discontinuance was entered, the Judge of the Circuit must be appealed to.

---

## KILGORE vs. HASCALL, Administrator.

Error to Kalamazoo Circuit.

*Opinion by* CAMPBELL, Ch J.—Plaintiff brought suit against defendant's intestate, Caroline A. Hascall, for flowing certain of his lands by means of a dam on a parcel of land further down the stream. The defence justified, under a deed from Kilgore, which was claimed to authorize the flowage. Kilgore owned a tract of land west of the Kalamazoo and Three Rivers Plank Road. A stream called Portage Creek, ran northerly through these lands, and a branch called the Little Portage, flowed easterly through the same tract, and joined Portage Creek on the premises and near the plank road. In March, Kilgore conveyed to Deborah B. Allcott, a mill site and water privilege on the Little Portage, and also the same right and privilege to erect a dam at or below the entrance of the Small Portage, and carry the water by a race, etc. The dam which caused the flowage complained of, was built on the Big Portage, considerably further down stream than Kilgore's north line, and set the water back, but not beyond or up to the north bank of the Little Portage, and there was no race or other work connected with it built on Kilgore's land.—Plaintiff claimed that there was no right to flow his land unless the dam and races were also built upon it.

### HINCHMAN v. BARNES.

*Held*, That the ruling of the Court below that the deed authorized the flowing, if necessary, was correct. The conveyance was intended to grant a water power to which the race and dam were mere incidents, and the grantee was not compelled to use all the privilege granted unless she chose, but might erect the dam on her own premises. In effect the plaintiff makes complaint that he has not been damaged as much as he might have been by the flowing, which he had authorized by deed.

Judgment of the Court below affirmed with costs.

### HINCHMAN vs. BARNES.

Newspaper—where published.

Error to Wayne Circuit.

*Opinion by* COOLEY, J.—The principal question concerns the meaning of the statute which requires " notices of special partnerships to be published in two newspapers in the Senatorial District within which the business is to be carried on" and makes the special partner liable as a general partner if there shall be any failure to make the requisite publication. The business in this case was to be carried on in the First Ward of the City of Detroit, and the notice was published in two newspapers, the offices of which were in the Second Ward of the city, and in a different Senatorial District from that embracing the First Ward.

Within the meaning of the statute the city, village or township where a paper is issued is the place of publication, one part of it just as much as another, and the statute does not design to take notice of inferior sub-divisions, or to inquire at all into the question whether the proprietors printed their own paper or hired another person to do it, or how the papers were distributed. In this case therefore the notice as published was sufficient.